IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT LYNN BALLERING,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| v. | : | No. 20-6343 |
| | : | |
| **ALL STATE ATTORNEY** | : | |
| **GENERALS LEMON LAW,** *et al.*, | : | |
| *Defendants.* | : | |

## MEMORANDUM

Both the Complaint (ECF No. 1) and the Amended Complaint (ECF No. 3), which Amended Complaint appears also to have been filed in Portland and simply added by Plaintiff onto this docket, are lengthy, complicated, and complex in tone. Both the Complaint and the Amended Complaint are suing a totally different set of numerous entities, public officials, and individuals seeking different and vast types of relief. Both the Complaint and Amended Complaint are based on nearly incomprehensible allegations of harm and many fantastic claims for relief to which Plaintiff is not, from a mere reading, entitled and containing only boilerplate recitations of jurisdiction without a factual statement of grounds for jurisdiction. Therefore, the Court will dismiss the Complaint and the Amended Complaint without prejudice because they do not comply with Fed. Rule Civ. P. 8.[1] *See Scibelli v. Leb. Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

[1] Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).